RECEIVED
BY MAIL
JAN 23 2023
CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Michael David Logering and Wendy Ann Acker

Plaintiff(s),

vs.

Morrison County Sheriff's Department, et. al.

Defendant(s).

Case No. 23-cv-177 JWB/LIB
(To be assigned by Clerk of District Court)

DEMAND FOR JURY TRIAL

YES ☒   NO ☐

(Enter the full name(s) of ALL defendants in this lawsuit. Please attach additional sheets if necessary).

## COMPLAINT

PARTIES

1. List your name, address and telephone number. Do the same for any additional plaintiffs.

   a. Plaintiff

   Name  Michael David Logering and Wendy Ann Acker

   Street Address  PO Box 212

   County, City  Todd, Staples

   State & Zip Code  Minnesota 56479

   Telephone Number  320-232-0993


SCANNED
JAN 23 2023
U.S. DISTRICT COURT ST. PAUL

2. List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption.

   a. Defendant No. 1

      Name Sheriff Shawn Larsen in Capacity of Morrison County Sheriff's Department

      Street Address 213 SE 1st Avenue

      County, City Morrison, Little Falls

      State & Zip Code Minnesota 56345

   b. Defendant No. 2

      Name Deputy Jason McDonald in Capacity of Morrison County Sheriff's Department

      Street Address 213 SE 1st Avenue

      County, City Morrison, Little Falls

      State & Zip Code Minnesota 56345

   c. Defendant No. 3

      Name Sergeant Joel Gross in Capacity of Morrison County Sheriff's Department

      Street Address 213 SE 1st Avenue

      County, City Morrison, Little Falls

      State & Zip Code Minnesota 56345

**NOTE: IF THERE ARE ADDITIONAL PLAINTIFFS OR DEFENDANTS, PLEASE PROVIDE THEIR NAMES AND ADDRESSES ON A SEPARATE SHEET OF PAPER.**
Check here if additional sheets of paper are attached: ☒
**Please label the attached sheets of paper to correspond to the appropriate numbered paragraph above (e.g. Additional Defendants 2.d., 2.e., etc.)**

Plaintiff(s)
Michael David Logering and
Wendy Ann Acker
     vs
Defendant(s)
Morrison County Sheriff's Department, et. al., Attorneys for defendants in 7th District case 49-CV-22-1136: Julia Kelly #392424 and Jason Hively #311546 of Iverson Reuvers, Condon


2. List all defendants:
Morrison County Sheriff's Department, et. al.,
Attorneys for defendants: Julia Kelly #392424 and Jason Hively #311546 of Iverson, Reuvers, Condon

2. a. Defendant No. 1
Sheriff Shawn Larsen in the capacity of Morrison County Sheriff's Department
213 SE 1st Avenue
Morrison, Little Falls
Minnesota 56345

2. b. Defendant No. 2
Deputy Jason McDonald in the capacity of Morrison County Sheriff's Department
213 SE 1st Avenue
Morrison, Little Falls
Minnesota 56345

2. c. Defendant No. 3
Sergeant Joel Gross in the capacity of Morrison County Sheriff's Department
213 SE 1st Avenue
Morrison, Little Falls
Minnesota 56345

—-print below— 2nd page of complaint—----

2. d. Defendant No. 4
Deputy Hasten Warnberg in the capacity of Morrison County Sheriff's Department
213 SE 1st Avenue
Morrison, Little Falls
Minnesota 56345

2. e. Defendant No. 5
Deputy David Kalis in the capacity of Morrison County Sheriff's Department
213 SE 1st Avenue
Morrison, Little Falls
Minnesota 56345

2. f. Defendant No. 6
Deputy Rick Matteson in the capacity of Morrison County Sheriff's Department
213 SE 1st Avenue
Morrison, Little Falls
Minnesota 56345

2. g. Defendant No. 7
Chief Deputy Jason Worlie in the capacity of Morrison County Sheriff's Department
213 SE 1st Avenue
Morrison, Little Falls
Minnesota 56345

2. h. Defendant No. 8
Chief of Police Eric Hanneken in the capacity of Pierz Police Department, under direction from Morrison County Sheriff's Department primary officer on scene, 101 Main Street South, Pierz, MN 56364

2. i. Defendant No. 9
Officer Calvin Tschida in the capacity of Pierz Police Department under direction from Morrison County Sheriff's Department primary officer on scene, 101 Main Street South, Pierz, MN 56364

2. j. Defendant No. 10 Captain Brad Bordwell in the capacity of Minnesota State Patrol, under direction from Morrison County Sheriff's Department primary officer on scene, Brainerd Division 7694 Industrial Park Road South, Baxter, MN 56425

2. k. Defendant No. 11
Trooper Daniel Owens Badge 7 in the capacity of Minnesota State Patrol, under direction from Morrison County Sheriff's Department primary officer on scene, Brainerd Division 7694 Industrial Park Road South, Baxter, MN 56425

2. l. Defendant No. 12
Trooper Jason T. Brown SP477 in the capacity of Minnesota State Patrol, under direction from Morrison County Sheriff's Department primary officer on scene, Brainerd Division 7694 Industrial Park Road South, Baxter, MN 56425:

2. m. Defendant No. 13
Dave Kicker in the capacity of Morrison County Sheriff's Department
213 SE 1st Avenue
Morrison, Little Falls
Minnesota 56345


2. n. Defendant No. 14
Tony Athman in the capacity of Morrison County Sheriff's Department
213 SE 1st Avenue
Morrison, Little Falls
Minnesota 56345


2. o. Defendant No. 15
Mary Swenson in the capacity of Morrison County Sheriff's Department
213 SE 1st Avenue
Morrison, Little Falls
Minnesota 56345


2. p. Defendant No. 16
Bill Vanden Avond in the capacity of Morrison County Sheriff's Department
213 SE 1st Avenue
Morrison, Little Falls
Minnesota 56345


2. q. Defendant No. 17
Brady Pundsack in the capacity of Morrison County Sheriff's Department
213 SE 1st Avenue
Morrison, Little Falls
Minnesota 56345

2. r. Defendant No. 18
All other law enforcement on scene 8/24/2020 identified on squad cam in the city of Pierz,
Morrison County surrounding the Logering residence 310 South Main Street Pierz, MN 56364.

JURISDICTION

Federal courts are courts of limited jurisdiction. Generally, two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount of damages is more than $75,000 is a diversity of citizenship case.

3. What is the basis for federal court jurisdiction? *(check all that apply)*

   ☒ Federal Question    ☐ Diversity of Citizenship

4. If the basis for jurisdiction is Federal Question, which Federal Constitutional, statutory or treaty right is at issue? List all that apply.
   a) 18 USC 242 Deprivation of Rights Under Color of Law
   b) 18 USC 241 Conspiracy Against Rights
   c) 42 USC 1983 Civil Rights Act
   d) Title II 12132 Discrimination and 12133 Enforcement - ADA

5. If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party? Each Plaintiff must be diverse from each Defendant for diversity jurisdiction.

   Plaintiff Name:                      State of Citizenship:

   Defendant No. 1:                     State of Citizenship:

   Defendant No. 2:                     State of Citizenship:

   **Attach additional sheets of paper as necessary and label this information as paragraph 5.**
   **Check here if additional sheets of paper are attached.** ☐

6. What is the basis for venue in the District of Minnesota? *(check all that apply)*

   ☒ Defendant(s) reside in Minnesota    ☒ Facts alleged below primarily occurred in Minnesota

   ☐ Other: explain

STATEMENT OF THE CLAIM

Describe in the space provided below the basic facts of your claim. The description of facts should include a specific explanation of how, where, and when each of the defendants named in the caption violated the law, and how you were harmed. Each paragraph must be numbered

3

## 7. Amended Complaint 1/17/23
Relation Back to Original Complaint 7/25/22 (attached)

MN 7th Judicial Case # 49-CV-22-1136
Notice of removal from 7th District Court, Morrison County to Minnesota US District Supreme Court, St. Paul based on Federal Question Jurisdiction 28 USC 1331

Plaintiff(s):
Michael David Logering and
Wendy Ann Acker

vs

Defendants:
Morrison County Sheriff's Department, et. al.,
Attorneys for defendants in 7th District Court: Julia Kelly #392424 and Jason Hively #311546 of Iverson Reuvers, Condon

The Plaintiff makes the following amended complaints against the Defendant:

Beginning May 2019 through present day and including incident August 24, 2020, Morrison County Sheriff's Department (abbreviated to MCSD for efficiency) did, Under Color of Law, violate Minnesota State Statutes, State Policies, county ordinances, regulations or customs, willfully subjecting plaintiffs to deprivation of rights, privileges or immunities secured or protected by the Constitution or laws of the United States.

Plaintiffs claim the defendants violated the following state laws under color of law, Deprivation of Constitutional Rights (18 USC 242), Conspiring Against Plaintiffs Constitutional Rights (18 USC 241), 42 USC 1983 Civil Rights Act, and Americans with Disabilities Act of 1990 Title II 12131, 13132, 13132.

1. MCSD violated Authorized Use of Force MN Statute *609.06 Subd. 3*. Limitations on the use of certain restraints. Force was used by a public officer and assisting officers under the direction of a public officer: Sheriff Larsen, Sergeant Gross, (former) Deputy McDonald,. Chief Eric Hanneken, Officer Tschida, and Trooper Owens. Illegal Chokeholds performed on Michael while handcuffed and on squad cam. Officers McDonald and Trooper Owens applied pressure to Michaels neck, throat and windpipe hindering breathing, reducing intake of air and attempting to stop the flow of blood via the carotid arteries. There was no threat of death or great bodily harm that would authorize this use of deadly force. Michael stated he could not breath. Michael feared for his life. Witnesses attest if they were not present, Michael would not be alive today. Lawful arrest was not effected. Michael did not resist arrest; squad cam Michael's voice,"I am on the ground." There was no threat of escape. McDonald states,"They are contained." Michael is mentally disabled. There was no threat of injury to self or others when MCSD entered residence. Michael protested to Gross on the phone that he was the "protected party" on the Harassment Restraining Order, "Michael Logering's life matters!" Gross asked if he was threatening officers. Michael's face was slammed into the squad vehicle on camera. MCSD violated Minnesota law

Authorized Use of Force MN Statute *609.06 Subd. 3*. Limitations on the use of certain restraints, thereby depriving Michael of US Constitutional Rights under Color of Law 18 USC 242 and 18 USC 241 Conspiracy Against Rights. Violations include Fourth Amendment: Illegal search and seizure to enter residence without warrant, Fifth Amendment: deprived of life, liberty, or property, without due process of law, Eighth Amendment: excessive punishment while in custody forbidden. Cruel and unusual punishment: bugs in jail, toilet non functional in lock down, sally port door did not latch/ lock properly, we were screamed at through an intercom to slam the door until it latched. Fourteenth Amendment: HRO not enforced; unequal treatment of Michael.

2. MCSD violated MN Statute *626.8434* Warrior Style Training Prohibited Section 626.8434. Morrison County Sheriff's Department trains with the military at Camp Ripley. MCSD entered the residence "warrior-style", aimed guns at two males with disabilities and three female caretakers, dehumanized and deemphasized the value of plaintiffs human life by kicking, stomping and injuring plaintiffs bodies, deprived plaintiffs of constitutional rights and encouraged aggressive conduct by other peace officers on scene, increasing the likelihood or willingness to use deadly force.
Fourth Amendment: Illegal search and seizure to enter residence without warrant. Sheriff Larsen was on the phone with Gross and explained to Gross why a warrant was required. Gross said he would have McDonald get a warrant, which was never produced. Larsen, "you know damn well, they're going to make a bitch and a stink and they're going to gather their peers and come after us before we could say, hey, we have a warrant and you refused to come out." Fifth Amendment: deprived of life, liberty, or property, without due process of law. McDonald threatened to use "flash bangs" he took out of the SWAT truck. Eighth Amendment: cruel and unusual punishment forbidden, excessive punishment while in custody. Michael and Wendy injured by McDonald, Owens, Tschida and Gross after already handcuffed. Fourteenth Amendment: HRO not enforced; unequal treatment. MCSD chose to protect the perpetrator and injure us. Gross said, "We don't have to assault you to arrest you." Then entered home and assaulted us. MCSD violated MN Statute *626.8434* Warrior Style Training Prohibited Section 626.8434, thereby depriving Plaintiffs of US Constitutional Rights under Color of Law 18 USC 242 Deprivation of Rights under color of Law and 18 USC 241 Conspiracy Against Rights.

3. MCSD violated enforcement of Harassment Restraining Order MN Statute 609.748 Subd. 7: "a copy to law enforcement agency order granted shall be forwarded by the court administrator within 24 hours to the local law enforcement agency. Each law enforcement agency shall make available to other law enforcement officers through system verification." First HRO (25 ft) granted 5/30/19. Stamped and received by court and MCSD 5/30/19. Amended/ Modified HRO (to 500 ft) 9/30/19; court filed 9/30/19. MCSD stamped received 5/7/2020 (8 months later). Pundsack signed 5/8/2020 1959 Morrison County. Transcript also included: issue date 9-30-19, service date 5-8-2020. Michael also filed for order to show cause for contempt three times, dismissed by Judge Weiler (who appropriately recused himself from case 49-CV-22-1136).

MCSD violated MN Statute 609.748 Subd. 8(3) a peace officer must arrest without warrant and take into custody a person if the peace officer has probable cause to believe the person has violated a restraining order. Warnberg kept Waytashek within 500 feet of Michael. Dispatch repeatedly announced to officers on scene that "the restraining order is in effect", "the protected

party is the subject (Michael)", "five hundred feet rather than twenty five". Warnberg looks at papers Waytashek provided and believes Waytashek over system verification. McDonald's report, "we were informed that Logering has an HRO against Waytashek." McDonald report, "Logering stuck his head out the door and stated that he had a restraining order." Officer McDonald is shown on squad cam cocking gun and aiming at Michaels head. McDonald's report, "Logering stated he felt he was assaulted when he was arrested." Warnberg report, "It should be noted that there is or was an HRO in place that Lucas is not supposed to be within so many feet of Logering's residence." "At the time of this call, we are not sure where the HRO stands because Lucas stated that when he went to court, the HRO was dismissed. According to Logering, there is still an active order in place." Sergeant Gross report, "Logering stated he was the victim because Waytashek pulled a gun on him." "Logering stated he has an HRO against Waytashek." Gross leaves out of the report his conversation with Michael on the phone while Michael was inside the house and Gross' conversation with Sheriff Shawn Larsen via phone/radio partially heard in squad video. Ten minutes was muted/redacted. Tampering with evidence. Subd. 8(2) violation of an order is either (i) misdemeanor, (ii) gross misdemeanor or (iii) felony. MCSD never arrested Lucas Waytashek, nor charged him with any crimes. Gross said if Waytashek had violated the restraining order, he would arrest him, but he had to investigate first. Dispatch announced several times that there was in fact a restraining order, 500 feet and Michael is the protected party. Fifth Amendment: deprived of protection of life and liberty without due process of law. Eighth Amendment: excessive punishment forbidden. Arrested and beaten; threatened with 7 years in prison. Fourteenth Amendment: unequal treatment of citizens. Interactions on squad cam between Tschida and Waytashek are nefarious and criminal. Warnberg took three statements from Waytashek, none from Michael.
MCSD violated enforcement of Harassment Restraining Order MN Statute 609.748 Subd. 7, 8 and 18 USC 2265 Full faith and Credit Given to Protection Orders there by depriving Plaintiffs of US Constitutional Rights under Color of Law 18 USC 242 and 18 USC 241 Conspiracy Against Rights.

4. MCSD violated MN Statute 626.21 Return of Property and Suppression of Evidence. MCSD withheld evidence material to the criminal cases. Pierz Police Chief Eric Hanneken refused to produce a report, his squad cam, or audio from lapel. From 8/28/2020 through 4/22/2022, MCSD, Hanneken, public defender's Scott Wonderlich and David Buchin, Private attorney Caroline Field, and Morrison County court administration all withheld Hanneken's report, squad cam footage and audio lapel because it would have proved, as witnesses can testify, that Hanneken came to the Logering residence, at the time Michael and Wendy were in jail to attempt to coerce the witnesses to file a restraining order on Michael and Wendy and kick them out of the house. Witnesses refused to abide by his recommendations. Unequal treatment to tell family to get a restraining order against us, when the restraining order in place is not enforced for us. After the criminal cases were over, one year and eight months later 4/22/22, and much perseverance to above agencies, Hanneken produced a false report. No squad cam or audio was ever produced.

Brady material was withheld and ordered undisclosed. Sensitive Brady material evidence was first requested by plaintiffs October 2020. Brady vs Maryland 373 US 83 (1965) states: The government's withholding of evidence that is material to the determination of either guilt or punishment of a criminal defendant violates the defendant's constitutional right to due process. The Brady material was the subject of the dismissed charges for Michael. According to

Wonderlich, he argued with the prosector, if it has to do with Michael's case, then it affects Wendy's case. Wendy was cleared of all charges, case dismissed. Michael's public defender and prosecutor argued under the same reasoning that though it is directly related to Michael, they refused to dismiss his whole case. Michael was threatened with seven years of prison, which is more than cases of murder or manslaughter.   Three of Michaels charges were dropped because of the sensitive Brady material evidence in question. Public defender, Buchin stated that if Michael chose to go to trial, they could bring back the three charges that were dismissed. The defense has the right to examine all evidence that may be of exculpatory in nature.

MCSD refused to provide complaint forms on request and data requests under MN Data Practices Act, Chapter 13 and Freedom of Information Act 5 USC section 552. When Michael said he wanted to make a complaint, Sergeant Gross said, "you have to come out of the house". In jail, upon request, complaint form was not provided. Mary Swenson, MCSD records did not provide accurate data within time allowed by law.

MCSD violated MN Statute 626.21 Return of Property and Suppression of Evidence thereby depriving Plaintiffs of US Constitutional Rights under Color of Law 18 USC 242 and 18 USC 241 Conspiracy Against Rights. Violations include Fourth Amendment: The right of the people to be secure in their persons, houses, papers, and effects, Fifth Amendment: nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation, and Fourteenth Amendment: nor shall any state deprive any person of life liberty or property without due process of law nor deny any person within it's jurisdiction the equal protection of the laws.

5. MCSD violated MN Statute 609.43 Professional Conduct of Peace Officers Model Policy and Misconduct of Public Officer MN Stat. 626.8457 by (1) intentionally failed and refused to perform known mandatory duty of the office according to law. MCSD did not enforced restraining order  (selective enforcement); failed to get a warrant, used illegal chokeholds, and excessive force. (2) officers acted knowing it is in excess of lawful authority and known forbidden by law to be done in that capacity. MCSD entered residence warrior style, with excessive force, injuring while handcuffed in custody. (3) intentionally and unlawfully injured another in the other's person, property or rights. Dispatch stated enroute as pulling out of MCSD, "Logering has an alert. Violent Asperger's Disease." Warnberg and McDonald both confirm. "yeah, that's what I was guessing." MCSD drove over 120 mph to arrest and beat Michael. Michael does not have this disability, "violent Asperger's Disease is not a disorder according to the DSM V, and law enforcement cannot medically diagnose a person. Title II of the Americans with Disabilities Act prohibits discrimination based on disabilities in state and local government services. (4) in the capacity of such officer or employee, makes a return, certificate, official report, or other like document having knowledge it is false in any material respect. MCSD produced false reports, knowing it is false. McDonald reports "mace" and a "brick", that Michael had run out into the street, and the house was "baracaded", that Michael was preventing Jennifer to leave, that Michael and Wendy resisted arrest. Plaintiffs have documented times, dates, pictures and videos of MCSD knocking on Logering residence, driving around perimeter and parking within sight from 8/24/2020 to present day. This is harassment and abuse of power. There were five police reports filed prior to 8/24/2020 incident that plaintiffs notified MCSD of continued harassment by Waytashek: 5/28/19, 6/3/19, 7/3/19, 9/2/19, and 5/21/2020. Officer Bill

Vanden Avond and Brady Pundsack received reports of harassment when restraining order was in effect and threatened Michael and Wendy that if we continue to report, we would be arrested, not Waytashek. Plaintiffs were told to "deal with it yourselves". A public officer or employee who does any of the following, for which no other sentence is specifically provided by law, may be sentenced to imprisonment for not more than one year or to payment of a fine of not more than $3,000, or both.

MCSD violated MN Statute 609.43 Professional Conduct of Peace Officers Model Policy and Misconduct of Public Officer MN Stat. 626.8457 thereby depriving Plaintiffs of US Constitutional Rights under Color of Law 18 USC 242 and 18 USC 241 Conspiracy Against Rights. Violations include Fourth Amendment: The right of the people to be secure in their persons, houses, papers, and effects MCSD allowed a harasser named Lucas Waytashek, in official HRO to continue harassing victim, Michael, for over a year. Fifth Amendment: nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation, and Fourteenth Amendment: nor shall any state deprive any person of life liberty or property without due process of law nor deny any person within it's Jurisdiction the equal protection of the laws. Officer Tschida stopped the squad car during transport to jail with Wendy in back seat and talked to Waytashek. An officer transporting a prisoner has the primary responsibility of the safe delivery of the prisoner(s) and therefore a transport should not be interrupted to render police services. MCSD deprived rights of equal protection, have shown patterns of harassment, discrimination and selective enforcement under color of law. Civil Rights Act 42 USC 1983
Provides individuals the right to sue state government employees and others acting "under color of state law" for civil rights violations.

6. MCSD violated MN Statute 626.8475 Duty to Intercede and Report. All Morrison County Sheriff's Department officers, Pierz Police and Minnesota State Patrol on scene 8/24/22 observed other officers use force that exceeded the degree of force permitted by law and failed to report. False information was communicated between officers on scene. Officer reports do not align with squad cam videos and audio. MCSD conspired against our rights with Pierz Police and State Patrol by refusing to enforce a restraining order, acts of excessive force including illegal chokeholds, suppression of evidence, false reports, and failing to report fellow officers misconduct thereby depriving Plaintiffs of US Constitutional Rights under Color of Law 18 USC 242. 18 USC 241 Conspiracy Against Rights makes it unlawful for two or more persons to agree to injure, threaten, or intimidate a person in the United States in the free exercise or enjoyment of any right or privilege secured by the Constitution or laws of the United States or because of his or her having exercised such a right. More than two defendants are listed in this complaint. Captain Bordwell of Minnesota State Patrol, Brainerd Division, investigated his own officer and exonerated Trooper Brown and Trooper Owens in a letter from Internal Affairs/ Affirmative Action 5/4/2021. Jason Worlie investigated MCSD, in which he is employed, and responded in email to our POST Complaint 11/27/2020, finding no wrong doing. Captain Kyle Johnson of the Little Falls Police Department investigated Pierz Police Department and refused to give us a final disposition. These are all biased investigations as they were all done within Morrison County. The POST Board investigation is still open as we have not been notified of any discipline or disposition. On squad cam Wendy says prior to being arrested in the house while Michael is being drug out of the house by his throat and hair, "You ** are going to pay for this in court, do

you realize that?" Officer, "Yep!" Wendy, "Do you realize all the shit that's going on? We have a year and a half of evidence on that one." (Points to Tschida) Pierz Police Calvin Tschida arrested Wendy after she made complaints about him to the POST Board. Witness says on squad cam while Michael is moaning in pain in the background, "Why are you doing this to us? Why won't you help us? It was Luke that did the whole thing!" 12/21/2022 Dave Kicker, Tony Athman and Court clerk violated First Amendment: Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances, and MN Gen. R. P. 4.02 by not allowing us to videotape our court hearing. Judge Mahler "likes technology" as she appeared via remote. Violations of the Fifth Amendment: deprived of life, liberty, or property, without due process of law: Wendy and Michael were unlawfully arrested; private property taken for public use, without just compensation, and Fourteenth Amendment: deprived Plaintiffs of life, liberty and property without due process of law and denied equal protection of the laws.

This amended complaint is not all inclusive; additions to be added as discovery when the need arises. This complaint is based on factual evidence from official documents, squad cam footage, Minnesota and United States laws. The original complaint was amended to clarify federal question jurisdiction, to file in Minnesota US Supreme Court, and was properly served to defendants according to MN R. Civ. P. 43.03.

separately, beginning with number 7.  Please write each single set of circumstances in a separately numbered paragraph.

7.

**Attach additional sheets of paper as necessary.**
**Check here if additional sheets of paper are attached:** 
**Please label the attached sheets of paper to as Additional Facts and continue to number the paragraphs consecutively.**

REQUEST FOR RELIEF

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking.

4

Based on the **amended** Complaint 1/17/2023, in relation back to original complaint 7/25/2022, due to the length of time taking to resolve the issues and the seriousness of federal claims, Plaintiffs demand the following amended relief:

1. <u>Plaintiffs demand jury trial according to MN Rules of Civil Procedure 38.01</u>
2. Plaintiffs demand Defendant to pay judgement in money or compensation in the amount of $1,500,000 for punitive damages, and including all expenses relating to items required for proving the cases (e.g., receipts for filings of documents, copies, materials, and technology), for hindering the "free exercise or enjoyment of any right or privilege" secured to the Plaintiffs by the US Constitution.
3. Plaintiffs demand Expunged/ clear criminal record for Michael Logering for damage to party.
4. Plaintiffs demand motion to return the property as listed in complaint. MN Statute 626.21
5. Plaintiffs demand "specific performance" action for public resignations of all officers involved in this incident in writing immediately upon judgment and without pension.
6. Plaintiffs demand "specific performance" action for removal of Qualified Immunity of all officers involved in this incident.
7. Plaintiffs demand "specific performance" action in the form of a signed immunity agreement for Michael and Wendy from MCSD and agencies involved to have no contact with Michael or Wendy with promise not to abuse their power under color of law
8. Plaintiffs demand criminal charges be pressed upon all MCSD, MN State Patrol and Pierz Police officers involved in this complaint and unidentified officers on scene 8/24/2020.

*Note to Court: We, Michael Logering and Wendy Acker, do believe that if no accountability or justice is provided by the courts, the listed officers and allies of those who abuse their power of

the blue line, will continue to retaliate against us, ultimately resulting in our deaths at the hands of the law.

Signatures: *[signatures]* Date: 1/17/2023

Micahel Logering and Wendy Acker

PO Box 212

Staples, MN 56479

320-232-0993

Signed this 17th day of January 2023

Signature of Plaintiff *Wendy Acker   Michael Logering*

Mailing Address
Michael Logering and Wendy Acker
PO Box 212
Staples, MN 56479

Telephone Number
320-232-0993

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide his/her mailing address and telephone number. Attach additional sheets of paper as necessary.

5